IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CINTAS CORPORATION NO. 2, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-00799-SDJ-AGD |
| BACKWOODS INVESTMENTS, LLC, d/b/a CHILL, | § § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the court is Plaintiff Cintas Corporation No. 2's ("Plaintiff") Motion to Stay and to Compel Arbitration ("Motion") (Dkt. #12) and Plaintiff's Supplement to Motion to Stay and to Compel Arbitration ("Supplement") (Dkt. #20). Having reviewed Plaintiff's Motion (Dkt. #12), Plaintiff's Supplement (Dkt. #20), Defendant Backwoods Investments, LLC, d/b/a Chill's ("Defendant") Response to Plaintiff's Motion to Stay and to Compel Arbitration ("Response") (Dkt. #22), and all other relevant pleadings and briefings, the court recommends that Plaintiff's Motion (Dkt. #12) and Plaintiff's Supplement (Dkt. #20) should be **DENIED**.

**BACKGROUND**

Plaintiff filed its Original Petition against Defendant in Texas state court in Denton County, Texas, on May 23, 2022, alleging a breach of contract (Dkt. #12 at p. 1). Plaintiff then filed its First Amended Original Petition in state court on July 11, 2022 (Dkt. #2). Defendant filed its Original Answer in state court on September 12, 2022 (Dkt. #3). Based on diversity jurisdiction, Defendant filed its Notice of Removal on September 16, 2022 (Dkt. #1) and its Amended Notice of Removal on October 6, 2022 (Dkt. #6). On November 8, 2022, Plaintiff filed its Motion (Dkt. #12) and on November 9, 2022, Plaintiff filed an Amended Complaint (Dkt. #13). On November

REPORT AND RECOMMENDATION

28, 2022, the court ordered Plaintiff to file a Supplement to its Motion explaining what effect, if any, the Amended Complaint (Dkt. #13) has on the Motion (Dkt. #12) and ordering Defendant to file a Response to Plaintiff's Motion. On December 5, 2022, Plaintiff filed its Supplement (Dkt. #20). Then, on December 16, 2022, Defendant filed its Response (Dkt. #22). Following Plaintiff's Motion and Supplement, and Defendant's Response, the court held a case management conference on December 20, 2022. During the case management conference, the court requested the Parties to file briefs on the sole issue before the court, which was identified during this conference as whether Plaintiff waived its right to enforce the arbitration clause. Plaintiff filed its Brief in Support of its Motion ("Brief") on January 5, 2023 (Dkt. #24), and Defendant filed its Response to Plaintiff's Brief ("Response Brief") on January 12, 2023 (Dkt. #26). Any other relevant procedural history is described, in relevant part, below.

## LEGAL STANDARD

"When considering a motion to compel arbitration, the Court first must determine whether there is a valid agreement to arbitrate and then whether the dispute in question falls within the scope of the arbitration agreement." *Exadel, Inc. v. Turner*, No. 4:21-CV-334-SDJ, 2021 WL 6618466, at *1 (E.D. Tex. Dec. 26, 2021) (citing *Jallo v. Resurgent Cap. Servs., LP*, 131 F. Supp. 3d 609, 612 (E.D. Tex. 2015)). First, to determine whether a valid agreement to arbitrate exists, the "Court should apply ordinary state law principles that govern the formation of contracts." *Jallo*, 131 F. Supp. 3d at 613 (quotation marks omitted). Second, to determine whether the dispute falls within the scope of the arbitration agreement, Courts apply "the federal substantive law of arbitrability." *See Exadel*, 2021 WL 6618466, at *1 (quoting *Jallo*, 131 F. Supp. 3d at 613). "The Federal Arbitration Act, which governs contracts in interstate commerce, provides for a 'liberal

federal policy favoring arbitration agreements.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Regardless of whether the dispute at issue is governed by a valid arbitration agreement, parties may still waive their right to compel arbitration. *Exadel*, 2021 WL 6618466, at *2. The Fifth Circuit has held that a "waiver of arbitration is a disfavored finding." *Id.* (quoting *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d 257, 266 (5th Cir. 2021)). "However, the Court will find waiver 'when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" *Id.* (quoting *Int'l Energy Ventures*, 999 F.3d at 266). A court may find that a party has substantially invoked the judicial process when that "party performs an overt act in court that evidences a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Int'l Energy Ventures*, 999 F.3d at 266 (internal quotation marks omitted).

This Circuit has previously held that there is an additional factor to consider in arbitration waiver cases: "In addition to invocation of the judicial process, the party opposing arbitration must demonstrate prejudice before we will find a waiver of the right to arbitrate. Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." *Nicholas v. KRB, Inc.*, 565 F.3d 904, 910 (5th Cir. 2009); *see also Int'l Energy Ventures*, 999 F.3d at 267 ("That leaves prejudice. Whether a party has been prejudiced is a 'fact-dependent inquiry' that asks if the party suffered 'delay, expense, or damage to [its] legal position' because of an opposing party's pursuit of litigation.") (quoting *Nicholas*, 565 F.3d at 910). However, the United States Supreme Court recently abrogated the prejudice element in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022). *Morgan* found that "Circuit after circuit (with just a couple of holdouts) justified adopting a prejudice requirement based on the liberal national policy favoring arbitration." 142 S.

REPORT AND RECOMMENDATION – 3

Ct. at 1713 (internal quotation marks and citations omitted). "[T]he usual federal rule of waiver does not include a prejudice requirement. So Section 6 [of the Federal Arbitration Act] instructs that prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA." *Id.* at 1714. Therefore, courts need not find whether a defendant has been prejudiced by a plaintiff's actions in litigating a dispute. Rather, it is a plaintiff's conduct that is relevant.

## ANALYSIS

As a threshold matter, the court must determine whether a valid arbitration agreement exists (*Jallo*, 131 F. Supp. 3d 612). In the court's December 20, 2022, Minute Entry, the court stated: "Both Parties agree a valid agreement to arbitrate exists; the sole issue presented for the court's consideration is waiver." As such, the court need only consider whether Plaintiff waived its right to compel arbitration by evaluating whether Plaintiff substantially invoked the judicial process. *See Int'l Energy Ventures*, 999 F.3d at 266. As a finding of waiver is disfavored, *id.*, the court reviews the facts below.

### *Plaintiff Has Substantially Invoked the Judicial Process*

Plaintiff argues that it has not substantially invoked the judicial process, but rather filed its lawsuit with the intent to compel arbitration (Dkt. #20 at p. 2). Plaintiff states that it "has always intended to arbitrate this dispute" and "has done nothing inconsistent with the intended purpose, right and obligation to submit the dispute to arbitration at the first available opportunity" (Dkt. #20 at p. 2). Defendant, on the other hand, asserts Plaintiff has substantially invoked the judicial process by choosing to file the instant lawsuit (Dkt. #22 at p. 4).

"Substantial invocation occurs when a party performs an 'overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration. It is difficult to see

REPORT AND RECOMMENDATION – 4

how a party could more clearly evince such a desire than by filing a lawsuit going to the merits of an otherwise arbitrable dispute.'" *Int'l Energy Ventures*, 999 F.3d at 266 (cleaned up) (quoting *Nicholas*, 565 F.3d at 907–08). In the present lawsuit, Plaintiff filed a breach of contract claim against Defendant. In Plaintiff's Amended Complaint, Plaintiff states that Plaintiff and Defendant had a valid contract, that the contract had a liquidated damages clause, Defendant terminated the contract early, and Defendant breached the contract by terminating early without paying the liquidated damages contemplated by the contract (Dkt. #13 at pp. 2–3). Alternatively, Plaintiff argues that it "is entitled to recover its costs and profits lost due to Defendant's breach over the life of the contract" (Dkt. #13 at p. 3). In its Prayer, Plaintiff "requests that the Court issue citation to Defendant to answer, and upon trial, enter judgment against the above-named Defendant for liquidated damages in an amount of $113,052.50, together with pre- and post-judgment interest, attorney's fees, costs and other such and further relief as the Court deems just and equitable" (Dkt. #13 at p. 3). On the face of Plaintiff's pleading, Plaintiff filed a lawsuit to resolve the merits of its breach of contract claim.

Additionally, the Parties dispute the effect of the demand letter Plaintiff sent to Defendant on April 21, 2022, wherein Plaintiff stated:

> If you are interested in arbitrating this matter, please communicate your preference to the undersigned in writing as soon as possible. In the event the full amount of this demand is not received, or suitable arrangement made to arbitrate before May 20, 2022, a lawsuit will be filed without further notice. If it becomes necessary to file suit, my client will seek to recover attorney's fees, costs of court and interest in addition to the $108,424.36.

(Dkt. #24 at p. 14). Defendant argues that the Plaintiff's demand letter and Plaintiff's Amended Complaint demonstrate that Plaintiff did not intend to arbitrate the arbitrable dispute (Dkt. #26 at p. 1). For this premise, Defendant cites to *Nicholas*, which states that the Fifth Circuit has "recognized that the decision to file suit typically indicates a 'disinclination' to arbitrate." *Id.* at

REPORT AND RECOMMENDATION – 5

565 F.3d at 908 (citing *Joseph Chris Pers. Servs. Inc. v. Rossi*, 249 F. App'x 988, 991 (5th Cir. 2007)). Defendant argues that Plaintiff's demand letter provided three options, the third of which Plaintiff chose—judicial action (Dkt. #26 at pp. 4–5). Specifically, Defendant believes Plaintiff substantially invoked the judicial process through four actions: (1) Plaintiff told Defendant that it would file a lawsuit and seek court costs and interest if arbitration was not arranged; (2) Plaintiff filed the present lawsuit in state court seeking disclosures through the lawsuit without mentioning arbitration; (3) Plaintiff amended its complaint and included a prayer for monetary damages without mentioning arbitration; and (4) Plaintiff amended its complaint in federal court requesting a trial and a judgment for liquidated damages, again neglecting to mention arbitration (Dkt. #26 at pp. 1–2).

The court finds that Plaintiff's initiation of the present lawsuit has substantially invoked the judicial process. Plaintiff has amended its complaint numerous times without addressing the arbitration demand. As Defendant pointed out, Plaintiff made a demand for Defendant to pay the liquidated damages or make plans to arbitrate by a date certain, and if Defendant did neither, Plaintiff stated that it would file this lawsuit (Dkt. #20 at Exhibit 1). "It is difficult to see how a party could more clearly evince a desire to resolve a dispute through litigation rather than arbitration than by filing a lawsuit going to the merits of an otherwise arbitrable dispute" *Nicholas*, 565 F.3d at 908 (cleaned up).

In the present case, Plaintiff has filed a lawsuit and amended its Complaint in both state and federal court, clearly evincing a desire to resolve the dispute through litigation, as indicated in its demand letter. Plaintiff's Amended Complaint (Dkt. #13) goes to the merits of an arbitrable matter, i.e., Defendant's alleged breach of contract. Indeed, Plaintiff affirmatively seeks relief from the court. "Plaintiff, Cintas Corporation No. 2, *respectfully requests that the Court* issue citation

REPORT AND RECOMMENDATION – 6

to Defendant to answer, *and upon a trial*, enter judgment . . . for liquidated damages . . . together with pre- and post-judgment interest, attorney's fees, and costs and other such and further relief *as the Court deems just and equitable*." (Dkt. #13 at p. 3). (Emphasis added). By Plaintiff's own pleading, Plaintiff has taken overt actions showing its disinclination to arbitrate. Plaintiff's Amended Complaint asks the court to resolve the dispute by holding a trial. In support, Plaintiff attached its demand letter, clearly indicating its intent to litigate if arbitration did not occur (Dkt. #13 at Exhibit 1).

Further, it is important to note that no scheduling order has been entered in this matter. Therefore, there are no deadlines in place for the progression of this lawsuit. However, Plaintiff has filed a notice of discovery disclosures (Dkt. #14), engaged in communications with Defendant's counsel and filed a Joint Discovery/Case Management Plan (Dkt. #16), attended a scheduling conference by telephone, filed a Brief in Support of its Motion to Compel (Dkt. #24), filed a notice of designated expert witnesses (Dkt. #27), and filed a Motion for Summary Judgment (Dkt. #28). Additionally, Plaintiff has filed a notice with the court indicating that it and Defendant have been unable to agree on a mediator (Dkt. #29). Finally, on July 26, 2023, Plaintiff filed its Second Amended Original Complaint without leave of court (Dkt. #33). In its Second Amended Complaint, Plaintiff, being fully aware that the issue of whether it waived its right to arbitrate has been raised, again filed a complaint without invoking its desire to arbitrate (Dkt. #33). Accordingly, the court finds that Plaintiff has taken substantial, overt actions to invoke the judicial process, and has therefore waived its right to arbitrate the alleged breach of contract by Defendant. As such the court recommends that Plaintiff's Motion and Supplement should be **DENIED**.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiff's Motion to Stay and

REPORT AND RECOMMENDATION – 7

Compel Arbitration (Dkt. #12) and Supplement (Dkt. #20) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of September, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE